NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAGHVENDRA SINGH; KIRAN RAWAT, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No. 18-72160 <br><br> Tax Ct. No. 5123-17 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted July 14, 2020[**]

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Raghvendra Singh and Kiran Rawat appeal pro se from the Tax Court's

decision, following a bench trial, upholding the determinations of deficiency by the

Commissioner of Internal Revenue regarding their federal income taxes for the

2013 and 2014 tax years. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo the Tax Court's legal conclusions, and for clear error its factual determinations. *Hongsermeier v. Comm'r*, 621 F.3d 890, 899 (9th Cir. 2010). We affirm.

The Tax Court did not clearly err in finding that Singh and Rawat were not entitled to various alleged business, mortgage interest, and real estate deductions because they failed to offer evidence that clearly showed a right to the claimed deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (noting that the taxpayer bears the burden of "clearly showing" the right to the claimed deduction); *Bradford v. Comm'r*, 796 F.2d 303, 306 (9th Cir. 1986) (taxpayers are required to substantiate the amounts expended on cost of goods).

The Tax Court properly found that Singh and Rawat were liable for accuracy-related penalties for underpayments during the 2013 and 2014 tax years. *See* 26 U.S.C. § 6662(a), (b) (accuracy related penalties); *Hansen v. Comm'r*, 471 F.3d 1021, 1028-29 (9th Cir. 2006) (explaining that accuracy-related penalty on underpayment of tax may be assessed due to taxpayer's negligence).

We reject as meritless Singh and Rawat's various contentions, including that their due process rights were violated, that the IRS was required to provide them a trial transcript, that the trial judge should have entered default judgment in their favor, that the IRS supervisor did not properly approve accuracy-related penalties, and that the IRS committed fraud.

18-72160

We do not consider Singh and Rawat's contention regarding the notice of deficiency being sent to the wrong address because the argument was raised for the first time in a post-trial motion, and Singh and Rawat fail to present any valid reason for not presenting the argument at trial. *See Beech Aircraft Corp. v. United States*, 51 F.3d 834, 841 (9th Cir. 1995) (declining to consider issue raised in a post-judgment motion where issue could have raised at or before trial and there was no valid reason for not having done so).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-72160